UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIO P. STEWART,

    Plaintiff,

v.

MICHAEL J. ASTRUE,[1]

    Defendant.

Case No. C06-818RSL

ORDER REVERSING COMMISSIONER'S DECISION AND REMANDING CASE

## I. INTRODUCTION

This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, plaintiff's objections thereto, and the Commissioner's response to those objections. Having reviewed the administrative record ("Tr.") and the remainder of the record, the Court reverses the Commissioner's decision and remands the case for further administrative proceedings.

## II. DISCUSSION

The Court adopts Magistrate Judge Donohue's summary of the facts and procedural background, his analysis regarding the standard of review, his conclusions regarding plaintiff's credibility, his conclusions regarding the Administrative Law Judge's ("ALJ") decision not to

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security (the "Commissioner").

ORDER REVERSING AND REMANDING CASE - 1

consult a vocational expert, and his conclusions regarding the ALJ's consideration of the medical evidence, except for the portion regarding plaintiff's limitations as set forth below. The Court writes this opinion to address several of plaintiff's arguments that were not addressed in the Report and Recommendation and to address the ALJ's evaluation of plaintiff's limitations and ability to perform his past work.

Plaintiff alleges that the ALJ improperly assessed his residual functional capacity ("RFC"). The ALJ concluded that plaintiff had the RFC to perform simple and repetitive tasks and some complex tasks, at a medium exertional level with no public contact. Tr. at p. 24. First, plaintiff alleges that the ALJ failed to assess plaintiff's ability to work on a sustained basis. However, the ALJ explicitly considered what plaintiff could do in an 8-hour workday. Id. at p. 24. Second, despite plaintiff's allegation to the contrary, the ALJ considered the opinion of his speech pathologist. Id. at p. 18. Third, plaintiff alleges that the ALJ failed to address the opinions of the nonexamining state agency physicians who found concentration limited to 2 hours and slowed pace. The ALJ, however considered those opinions, id. at p. 20, and specifically explained why she gave them less weight. Id. at p. 22.

Plaintiff also alleges that the ALJ failed to consider and include in plaintiff's RFC his limited reading and math skills, reduced intellectual functioning, and difficulties following verbal, as opposed to visual instructions. This argument has merit. Social Security Ruling ("SSR") 96-8p[2] requires an ALJ to "consider all allegations of physical and mental limitations or restrictions" and "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Although the ALJ found, based on Dr. Breen's opinion, that plaintiff had long-standing deficits in math and reading, Tr. at p. 18, she did not include those deficits in her RFC, explain why they were excluded, or include them in her analysis of whether

---

[2] The Report and Recommendation noted that an ALJ is not required to discuss every piece of evidence in the record. Report and Recommendation at p. 10. Although that statement is correct, SSR 96-8p is clear that medical source opinions regarding a claimant's RFC cannot be ignored.

ORDER REVERSING AND REMANDING CASE - 2

plaintiff could perform his prior work. Similarly, the ALJ did not include in the RFC description or explain why she apparently rejected Dr. Breen's conclusion that plaintiff "could not return to work in occupations where communication, alertness, and quickness of thought were important for safety and success" but was better suited for hands-on employment that was "relatively slow paced, highly structured, and did not require rapid decision making." Tr. at pp. 21, 22. The RFC assessment did not include reasons for rejecting Dr. Horton's finding of "significant problems with language functions and attention/concentration." Id. at p. 351. The RFC assessment also did not include some of the limitations found by Dr. Van Dalfsen, including a "borderline" IQ and difficulties in following verbal instructions, even though the ALJ professed to assign "greater weight" to Dr. Van Dalfsen's opinion. The ALJ's conclusion of "simple" tasks and limited public contact is too simplistic to incorporate those limitations, particularly without explanation. Accordingly, because the ALJ did not provide any explanation for rejecting some of the limitations set forth by Drs. Van Dalfsen, Breen, and Horton, the ALJ's conclusion regarding plaintiff's RFC is not supported by substantial evidence.

Plaintiff also alleges that the ALJ erroneously concluded that he can perform his past relevant work as a janitor. SSR 82-62 sets forth the following requirements for determining if a claimant can perform his or her past work:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. . . . Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. . . . In addition, for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

See also Sivilay v. Apfel, 143 F.3d 1298 (9th Cir. 1998) (remanding case to the Commissioner for failure to comply with SSR 82-62); see also C.F.R. §§ 404.1520(e), 416.920(e). Although the ALJ discussed the exertional demands of the janitor job, she did not evaluate the mental demands of the job other than to note, "Dealing with people is not a significant worker function

ORDER REVERSING AND REMANDING CASE - 3

in this occupation." Tr. at p. 25. The ALJ did not discuss whether the job involves simple or complex tasks or whether plaintiff's limitations with concentration, persistence and pace would pose a problem. The ALJ also failed to set forth any analysis, as opposed to conclusions, regarding whether plaintiff would be capable of performing the duties despite his limitations. Accordingly, the ALJ's finding that plaintiff can perform his past work as a janitor is not supported by substantial evidence. On remand, the Court directs the ALJ to reevaluate plaintiff's RFC, investigate and explain the demands of plaintiff's past work, and set forth her analysis of the comparison between those duties and plaintiff's RFC.

### III. CONCLUSION

The ALJ's decision is not free of legal error. Accordingly, the Commissioner's decision is REVERSED, and this matter is REMANDED pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.

DATED this 16th day of April, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REVERSING AND REMANDING CASE - 4